1  BENJAMIN B. WAGNER
   United States Attorney
2  ROBIN R. TAYLOR
   Assistant U.S. Attorney
3  501 I Street, Suite 10-100
   Sacramento, CA 95814
4  Telephone: (916)554-2700

5

6
                IN THE UNITED STATES DISTRICT COURT FOR THE
7
                      EASTERN DISTRICT OF CALIFORNIA
8

9
   UNITED STATES OF AMERICA,        )      2:10-MC-00044-JAM-KJN
10                                   )
              Plaintiff,             )
11                                   )
        v.                          )
12                                   )      CONSENT JUDGMENT
   APPROXIMATELY $2,147.00 IN        )      OF FORFEITURE
13 U.S. CURRENCY, and               )
                                    )
14 MISCELLANEOUS COUNTERFEIT         )
   GOODS LISTED IN EXHIBIT A,        )
15                                   )
              Defendants.           )
16                                   )
   _____   )
17
        Pursuant to the Stipulation for Consent Judgment of
18
   Forfeiture, the Court finds:
19
        1.  On November 13, 2008, a Grand Jury in the Eastern
20
   District of California charged Yi Niu with a violation of 18
21
   U.S.C. § 2320(a) - Trafficking in Counterfeited Goods.  The
22
   Indictment also contained a forfeiture allegation.  On April 16,
23
   2010, Niu plead to misprision of a felony in violation of 18
24
   U.S.C. § 4.
25
        2.  If this matter proceeded to trial in a civil forfeiture
26
   proceeding the government would show that from on or about April
27
   2008, through on or about October 28, 2008, in the Eastern
28
   District of California, Niu intentionally trafficked and attempted

                              1              Consent Judgment of Forfeiture

1  to traffic in goods, namely counterfeited sunglasses, jewelry and

2  other items, knowingly using a counterfeited mark on and in

3  connection with such goods, to wit, the spurious marks of Chanel,

4  LaCoste, BeBe, Ed Hardy, Ray Ban, Gucci, Louis Vuitton, Coach,

5  Versace, and others, which counterfeit marks were identical with

6  and substantially indistinguishable from genuine marks in use and

7  registered for those goods on the principal register in the United

8  States Patent and Trademark Office, the use of which marks was

9  likely to cause confusion, to cause mistake, and to deceive, in

10  violation of 18 U.S.C. § 2320(a).

11        3.   The Approximately $2,147.00 in U.S. Currency ("defendant

12  currency") constitutes or is derived from proceeds obtained

13  directly or indirectly as a result of the commission of a

14  violation of 18 U.S.C. § 2320(a).  The Miscellaneous Counterfeit

15  Goods listed in Exhibit A attached hereto and incorporated herein,

16  constitute property used, in any manner or part to commit or

17  facilitate the commission of a violation of 18 U.S.C. § 2320(a).

18        4.   Without admitting the truth of the factual assertions

19  contained herein, Niu specifically denying the same, and for the

20  purpose of reaching an amicable resolution and compromise of this

21  matter, Niu agrees that an adequate factual basis exists to

22  support forfeiture of the defendant currency and the Miscellaneous

23  Counterfeit Goods listed in Exhibit A.  Niu hereby acknowledges

24  that he is the sole owner of the defendant currency and the

25  Miscellaneous Counterfeit Goods listed in Exhibit A, and that no

26  other person or entity has any legitimate claim of interest

27  therein.  Should any person or entity institute any kind of claim

28  or action against the government with regard to its forfeiture of

Consent Judgment of Forfeiture

1  the defendant currency and the Miscellaneous Counterfeit Goods

2  listed in Exhibit A, Niu agrees to hold harmless and indemnify the

3  United States.

4       5.  This Court has jurisdiction in this matter pursuant to 28

5  U.S.C. §§ 1345 and 1355, as this is the judicial district in which

6  acts or omissions giving rise to the forfeiture occurred.

7       6.  This Court has venue pursuant to 28 U.S.C. § 1395, as

8  this is the judicial district in which the defendant currency and

9  the Miscellaneous Counterfeit Goods listed in Exhibit A were

10 seized.

11      7.  The parties herein desire to settle this matter pursuant

12 to the terms of a duly executed Stipulation for Consent Judgment

13 of Forfeiture.

14      Based upon the above findings, and the files and records of

15 the Court, it is hereby ORDERED AND ADJUDGED:

16      8.  The Court adopts the Stipulation for Consent Judgment of

17 Forfeiture entered into by and between the parties.

18      9.  All right, title, and interest in the defendant currency

19 and the Miscellaneous Counterfeit Goods listed in Exhibit A shall

20 be forfeited to the United States pursuant to 18 U.S.C. § 2323(a),

21 to be disposed of according to law.  Pursuant to 18 U.S.C. §

22 2323(a)(2), the Court shall order that any forfeited article or

23 component of an article bearing or consisting of a counterfeit

24 mark be destroyed or otherwise disposed of according to law.

25      10.  Plaintiff United States of America and its servants,

26 agents, and employees and all other public entities, their

27 servants, agents and employees, are released from any and all

28 liability arising out of or in any way connected with the seizure

1 and forfeiture of the defendant currency and the Miscellaneous

2 Counterfeit Goods listed in Exhibit A.  This is a full and final

3 release applying to all unknown and unanticipated injuries, and/or

4 damages arising out of said seizure and/or forfeiture, as well as

5 to those now known or disclosed.  The parties have agreed to waive

6 the provisions of California Civil Code § 1542.

7        11.  Pursuant to the Stipulation for Consent Judgment of

8 Forfeiture filed herein, the Court finds that there was reasonable

9 cause for the seizure of the defendant currency and the

10 Miscellaneous Counterfeit Goods listed in Exhibit A and a

11 Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465 shall

12 be entered accordingly.

13        12.  No portion of the stipulated settlement, including

14 statements or admissions made therein, shall be admissible in any

15 criminal action pursuant to Rules 408 and 410(4) of the Federal

16 Rules of Evidence.  The settlement was entered into by plaintiff

17 United States and potential claimant Niu for the purpose of

18 compromising disputed claims under 18 U.S.C. § 2323, and should

19 not be construed as, an admission of guilt or criminal culpability

20 on the part of potential claimant Niu.

21        13.  All parties will bear their own costs and attorneys'

22 fees.

23        IT IS SO ORDERED.

24

25 Dated:  May 18, 2010

26

27 GARLAND E. BURRELL, JR.
United States District Judge

28

Consent Judgment of Forfeiture

1

2

3

4

**CERTIFICATE OF REASONABLE CAUSE**

Pursuant to the Stipulation for Consent Judgment of

Forfeiture filed herein, the Court enters this Certificate of

Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was

reasonable cause for the seizure of the above-described defendant

currency and the Miscellaneous Counterfeit Goods listed in Exhibit

A.

Dated:  May 18, 2010

GARLAND E. BURRELL, JR.
United States District Judge

5
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Consent Judgment of Forfeiture

**Exhibit A**

1.    Approximately 8 Baby Phat Sunglasses,
2.    Approximately 45 Bebe Sunglasses,
3.    Approximately 2 Chanel Earrings,
4.    Approximately 24 Chanel Key Chains,
5.    Approximately 1 Chanel Necklace,
6.    Approximately 1 Chanel Ring,
7.    Approximately 17 Chanel Sunglasses,
8.    Approximately 1 Christian Dior Bracelet,
9.    Approximately 3 Christian Dior Sunglasses,
10.   Approximately 11 Coach Key Chains,
11.   Approximately 69 Coach Sunglasses,
12.   Approximately 2 DKNY Necklaces,
13.   Approximately 15 Dolce & Gabbana Sunglasses,
14.   Approximately 34 Ed Hardy Belts,
15.   Approximately 43 Ed Hardy Handbags,
16.   Approximately 33 Ed Hardy Hats,
17.   Approximately 312 Ed Hardy Shirts,
18.   Approximately 20 Ed Hardy Sunglasses,
19.   Approximately 76 Ed Hardy Sweat Shirts,
20.   Approximately 1 Pair Escada Sunglasses,
21.   Approximately 5 Fendi Sunglasses,
22.   Approximately 10 Gucci Sunglasses,
23.   Approximately 3 Juicy Couture Earrings,
24.   Approximately 4 Juicy Couture Necklaces,
25.   Approximately 29 Juicy Couture Sunglasses,
26.   Approximately 1 Pair Lacoste Sunglasses,
27.   Approximately 1 Pair Oakley Sunglasses,
28.   Approximately 9 Ray Ban Sunglasses,
29.   Approximately 1 Sanrio Key Chain,
30.   Approximately 10 Tiffany & Co. Bracelets,
31.   Approximately 2 Tiffany & Co. Necklaces, and
32.   Approximately 7 Versace Sunglasses.

Consent Judgment of Forfeiture